**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

| | | |
|---|---|---|
| CRUST & CRAFT HOLDINGS, LLC,<br><br>Plaintiff,<br>v.<br><br>NEEKET VADGAMA,<br>BGSO OPERATIONS INC.,<br>BWS OPERATIONS INC.,<br>NAS HOLDINGS, INC., and<br>NAS INTERNATIONAL, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

Crust & Craft Holdings, LLC ("Crust & Craft" or "Plaintiff") files this Complaint against Neeket Vadgama ("Vadgama"), BGSO Operations Inc., BWS Operations Inc., NAS Holdings, Inc., and NAS International, Inc. (collectively, "Defendants"), and alleges the following:

## Introduction

1. This is an action for trademark infringement, false designation of origin, and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051, et seq (the "Lanham Act"), and under the common law of the State of Georgia.

2. Plaintiff has made longstanding and substantially exclusive use of its trademarks and has expended considerable resources, money, and time promoting and building consumer recognition, including through the registration and use of its "PIZZA. REINVENTED." Mark and mark (collectively the "Crust & Craft Marks").

3. Defendants, entirely on notice of Plaintiff's rights, have engaged in a concerted and transparently wrongful effort to copy Plaintiff's business.

4. In copying Plaintiff's business, from the name, the brand elements, the target customers, and more, Defendants have sown material and documented public confusion as to the source or sponsorship of their goods and services.

5. Defendants provide identical and highly overlapping goods and services as Plaintiff provides.

6. If Defendants are not prevented from continuing to sell these goods and services, Plaintiff will suffer irreparable harm.

**Parties**

7. Plaintiff is a Georgia limited liability company with an address of 130 Sunset Ct, Senoia, Georgia, 30276.

8. On information and belief, Defendant Neeket Vadgama is an individual who resides at 3629 Forsythia Trail, Clemmons, North Carolina, 27012-3002.

9. On information and belief, Defendant BGSO Operations Inc. is a North Carolina corporation with an address of 3629 Forsythia Trail, Clemmons, North Carolina, 27012-3002.

10. On information and belief, Defendant BWS Operations Inc. is a North Carolina corporation with an address of 3629 Forsythia Trail, Clemmons, North Carolina, 27012-3002.

11. On information and belief, Defendant NAS Holdings, Inc. is a North Carolina corporation with an address of 3629 Forsythia Trail, Clemmons, North Carolina, 27012-3002.

12. On information and belief, Defendant NAS International, Inc. is a North Carolina corporation with an address of 3629 Forsythia Trail, Clemmons, North Carolina, 27012-3002.

## **Jurisdiction and Venue**

13. This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. 28 U.S.C. §§ 1331 and 1338(a) for the claims arising out of the violations of Section 43 of the Lanham Act.

14. This Court has supplemental jurisdiction over Plaintiff’s state law claims based on 28 U.S.C. § 1367 because the state law claims are so related to the federal

subject-matter claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

15. This Court has personal jurisdiction over the Defendants because they have committed tortious acts (*inter alia*, trademark infringement) in the State of Georgia and have committed a tortious injury in this state.

16. Defendants are on notice that his wrongful conduct harmed and continues to harm Plaintiff in Georgia, where Plaintiff is located.

17. Venue is proper in this judicial district under 28 U.S.C. § 1391(a)(2) and 1391(b)(2), as a substantial part of the events giving rise to the claims occurred in this district.

**Statement of Facts**

18. Crust & Craft has been operating since as early as 2020.

19. Crust & Craft began using its Crust & Craft Marks generally in connection with pizza and restaurant goods and services since at least as early as 2020.

20. On February 3, 2026, Plaintiff filed an application to register its mark PIZZA. REINVENTED. (U.S. Reg. No. 8,410,332) with the United States Patent & Trademark Office ("USPTO"). The mark was registered with the USPTO on August 25, 2026 (the "Registration"). A true and correct copy of the Registration's registration certificate is attached to this Complaint as Exhibit A.

21. On August 26, 2026, Plaintiff filed an application to register its mark (U.S. Serial No. 50/072,434).

22. On or about March 18, 2026, Plaintiff became aware that Defendants are operating two "Crust & Craft" pizza restaurants in Winston-Salem, North Carolina and Greensboro, North Carolina (the "Infringing Mark").

23. On or about March 18, 2026, Defendant Vadgama's wife reached out to Plaintiff's franchising agent expressing interest in franchising Crust & Craft locations.

24. In this outreach, Defendant Vadgama's wife mentioned she and Defendant Vadgama had already rebranded their previously Brixx-franchised Winston-Salem and Greensboro restaurants to Crust & Craft.

25. After initial interest, Defendants did not proceed with franchising their restaurants with Plaintiff.

26. Plaintiff has received correspondence from one of its customers confusing the infringing restaurant with one of its own restaurants.

27. Plaintiff's counsel sent a Demand Letter on October 12, 2026 to Defendant Vadgama. A true and correct copy of the Demand Letter is attached to this Complaint as Exhibit B.

28.Defendant Vadgama sent a response letter alleging Defendant Vadgama devised his Crust and Craft logo on his own and that he was “hardly inclined” to seek out another franchising agreement, having just left another one. A true and correct copy of the Response Letter is attached to this Complaint as Exhibit C.

29.Defendants continue to operate the infringing Crust & Craft locations in Greensboro, North Carolina and Winston-Salem, North Carolina.

30.Plaintiff, having attempted to enforce its rights via demand correspondence in good faith, was left with no alternative but to file the instant action due to the manifest infringement of its brand and documented likelihood of confusion.

## COUNT I

## Infringement of Federally Registered Mark (15 U.S.C. § 1114)

31.Plaintiff repeats and realleges the allegations in the paragraphs above as if fully set forth herein.

32.Plaintiff’s registration of and application for the Crust & Craft Marks are valid and subsisting and are prima facie evidence of the validity of the Crust & Craft Marks, of Plaintiff’s ownership of the Crust & Craft Marks, and of Plaintiff’s exclusive right to use the Crust & Craft Mark for the goods and services enumerated in the registration.

33.By virtue of registration, the PIZZA. REINVENTED. mark is entitled to protection under the Lanham Act, 15 U.S.C. §§ 1051, et seq.

34. Defendants' use of the Infringing Mark, which is confusingly similar in that it is identical in sight, sound, commercial impression, and with respect to the goods and services for which it is used, is certain to continue to cause confusion, deception, and mistake by creating the false and misleading impression that Plaintiff and Defendants are related or that there is some sponsorship, endorsement, or approval for use, when in fact there is none.

35. As a result of Defendants' infringement, as described above, the consuming public is certain to continue to be confused and deceived as to the source, sponsorship, affiliation, or approval of Defendants' goods or services marketed under the Infringing Mark.

36. Plaintiff has been damaged by the acts detailed in this Complaint in an amount to be determined at trial.

37. Defendants' adoption and use of the Infringing Mark for competing goods and services is confusingly similar to Plaintiff's Crust & Craft Marks and was undertaken by Defendants intentionally, willfully, and in bad faith.

38. In addition, Defendants' conduct, if it continues, will result in irreparable harm to Plaintiff and, specifically, the goodwill associated with the Crust & Craft Marks and brands, unless such conduct is enjoined. Defendants' actions therefore entitle Plaintiff to damages under 15 U.S.C. § 1117 in an amount to be determined at trial, as well as exemplary damages and attorneys' fees and costs.

## COUNT II

## Infringement of Trademark, False Designation of Origin, and Unfair Competition under the Lanham Act (15 U.S.C. § 1125)

39. Plaintiff repeats and realleges the allegations set forth above as if fully set forth herein.

40. Through Plaintiff's longstanding, widespread, continuous, and exclusive use of the Crust & Craft Marks in commerce, the Crust & Craft Marks have become impressed upon the minds of the relevant trade and consuming public as identifying Crust & Craft and indicating the source of origin of the Crust & Craft goods and services as coming from Plaintiff.

41. Plaintiff has built a valuable business in its use of the Crust & Craft Marks, and the goodwill associated with Plaintiff is of great value to Plaintiff. The Crust & Craft Marks have or have developed secondary meaning in the minds of the consuming public in the field of pizzerias and restaurant and bar services, and have come to indicate to the consuming public that the particular goods and services bearing the Crust & Craft Marks originate from Plaintiff.

42. Plaintiff has used the Crust & Craft Marks and brand in association with pizzerias and restaurant and bar services continuously in commerce since as early as 2020.

43. Defendants' use of the Infringing Mark has resulted and will result in more direct confusion as to the origin of goods and services.

44. Defendants' use of the Infringing Mark constitutes false designation of origin and/or a false or misleading description or representation of fact on or in connection with its goods and services which is certain to continue to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff, and/or as to the origin, sponsorship, or approval of Defendants' goods and services, in violation of the Lanham Act, 15 U.S.C. § 1125(a). Defendants' conduct as described in this Complaint also constitutes an attempt to trade on the substantial goodwill that Plaintiff has developed in the Crust & Craft Marks and brand, all to the damage of Plaintiff.

45. Defendants' use in commerce of designations which are purposefully confusing due to the literal overlap of "CRUST" and "CRAFT," despite having actual and constructive notice of Plaintiff's prior rights in and to the Crust & Craft Marks, constitutes intentional conduct by Defendants to make false designations of origin and false descriptions about its goods, services, and commercial activities.

46. Defendants' actions have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Plaintiffs. Defendants' actions therefore entitle Plaintiff to damages under 15 U.S.C. § 1117 in an amount to be determined at trial, as well as exemplary damages and attorneys' fees and costs.

## COUNT IV

## Common Law Trademark Infringement under Georgia Law

47. Plaintiff repeats and realleges the allegations in the paragraphs above as if fully set forth herein.

48. Through the longstanding, continuous, and exclusive use of the Crust & Craft Marks and brand in commerce, the relevant trade and consuming public have come to understand the Crust & Craft Marks and brand as identifying Plaintiff and indicating the source of origin of Plaintiff's goods and services as coming from Plaintiff.

49. Plaintiff has built a valuable business in its use of the Crust & Craft Marks, and the goodwill associated with Plaintiff is of great value to Plaintiff. The Crust & Craft Marks have or have developed secondary meaning in the minds of the consuming public in the field of pizzerias and restaurant and bar services, and have come to indicate to the consuming public that the particular goods and services bearing the Crust & Craft Marks originate from Plaintiff.

50. Defendants' unauthorized use of the Infringing Mark is likely to cause, and has caused, confusion in the marketplace between the parties' respective goods and services.

51.Defendants' infringement of the Crust & Craft Marks is in willful and wanton disregard of Plaintiff's rights in and to the same, and without the consent of Plaintiff, entitling Plaintiff to damages in an amount to be determined at trial.

## COUNT V

## Unfair Competition and Deceptive Trade Practices based on Georgia Law

52.Plaintiff repeats and realleges the allegations in the paragraphs above as if fully set forth herein.

53.Defendants have engaged and continue to engage in fraudulent and deceptive acts and practices in violation of O.C.G.A. §§ 10-1-370 et seq. and 23-2-55.

54.Defendants have used and are using the Infringing Mark which is confusingly similar to the Crust & Craft Marks and brand in connection with identical and/or similar goods and services for which Plaintiff uses the Crust & Craft Marks and brand.

55.Defendants' use of the Infringing Mark has caused consumers to conclude falsely that there exists some affiliation, connection, or association between Defendants and Plaintiff. The actual and probable tendency and impact of Defendants' use is to enable Defendants to deceive the public, including citizens of the State of Georgia, whose protection the Code Sections were enacted for.

56. Defendants' wrongful conduct constitutes unfair competition as prohibited by O.C.G.A. § 23-2-55.

57. Defendants' acts constitute unfair competition under the common law of the State of Georgia as follows:

a) Such acts will enable Defendants to obtain the benefit of and trade on the goodwill of Plaintiff;

b) Such acts will damage Plaintiff's goodwill in that Plaintiff does not have control over the businesses and products of Defendants;

c) Such acts are likely to cause, and have caused, confusion, mistake, or deception of the public; and

d) Such acts will result in the unjust enrichment of Defendants.

58. Defendants' infringement of the Crust & Craft Marks is in willful and wanton disregard of Plaintiff's rights in and to the same, and without the consent of Plaintiff.

59. These acts of Defendants are greatly and irreparably damaging to Plaintiff and will continue to be greatly and irreparably damaging to Plaintiff unless enjoined, as a result of which Plaintiff is without an adequate remedy at law.

## Jury Demand

60. Plaintiff demands a trial by jury for all issues so triable.

## Prayer for Relief

WHEREFORE, Plaintiff requests the following relief against Defendants:

A. That Defendants and their agents, servants, employees, attorneys, successors, and assigns, and any and all persons acting in concert or participating with them, or any of their successors or assigns or any of them, be preliminarily and permanently enjoined and restrained from directly or indirectly:

1. using the mark CRUST & CRAFT, or any other confusingly similar variant, or colorable imitation in any medium;

2. advertising, marketing, offering for sale, providing or selling the goods and services by the words Crust & Craft or any confusingly similar variant to them;

3. using the Infringing Mark, or any reproduction, copy, confusingly similar variant, or colorable imitation of the same, in any manner likely to cause others to believe that Defendants' goods and services are connected with Plaintiffs;

4. committing any other acts that may cause the consuming public to believe that the Defendants' goods and services are genuinely licensed by Plaintiff or otherwise provided for the benefit of Plaintiff; and

5. engaging in unfair and deceptive trade practices against Plaintiffs.

B. That Defendants be required to rebrand the Greensboro, North Carolina and Winston-Salem, North Carolina restaurants.

C. That this case be found exceptional and Plaintiff be awarded its attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a) and/or other applicable law.

D. That Plaintiff recover the damages arising out of Defendants' wrongful acts in a sum equal to three times the actual damages suffered by Plaintiff, as provided in 15 U.S.C. § 1117(b) and/or other applicable law.

E. That Defendants be required immediately to prepare and provide to Plaintiff a report and accounting of, and then to disgorge, all his profits and other ill-gotten gains pursuant to 15 U.S.C. § 1117(a) and other applicable law.

F. That Plaintiff have and recover all damages suffered due to Defendants' actions pursuant to Georgia common law.

G. That Plaintiff have and recover the taxable costs of this civil action, including reasonable attorneys' fees, costs, and interest.

H. That Plaintiff have such other general and further relief as this Court deems just and proper.

Respectfully submitted, November 18, 2026.

*/s/ Zachary C. Eyster*
Zachary C. Eyster
GA Bar No. 192335
Kendall Carter
GA Bar No. 114556
Aspire Law, Inc.
1100 Peachtree St. NE
Suite 200
Atlanta, GA 30309

zach@aspire.law
kendall@aspire.law